UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DANIEL BARRAZA-SANDOVAL,<br>　　　　Defendant. | Case No.  09-cr-01122-PJH-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Dkt. No. 238 |

　　　　Defendant Daniel Barraza-Sandoval, appearing pro se, has submitted a letter inquiring whether he qualifies for reduction in sentence under Amendment 782.  Dkt. no. 238.  The court construes the inquiry as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines Manual, effective November 1, 2014.  The Federal Public Defender's Office filed a notice of non-intervention on August 16, 2016.  Dkt. no. 239.  Having reviewed the record and the relevant legal authority, the court DENIES the motion to reduce sentence for the reasons set forth below.

**BACKGROUND**

　　　　On November 19, 2009, a federal grand jury returned an indictment charging defendant with the following crimes: Count One for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; Count Two for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); Counts Three and Four for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Count Eight for laundering of monetary instruments, in violation of 21

U.S.C. § 1956(a)(1)(A)(i).  Dkt. no. 21.  On July 27, 2011, defendant pled guilty to Counts One and Eight pursuant to a Rule 11(c)(1)(C) plea agreement.  In the plea agreement, defendant admitted that the total amount of actual methamphetamine that he conspired to distribute was at least 8,011 grams.  Dkt. no. 128 ¶ 2.  Defendant agreed that the court would calculate the sentencing range under the sentencing guidelines and agreed that a sentence of 135 to 188 months imprisonment was reasonable and appropriate in his case regardless of the guidelines range determined by the court.  Dkt. no. 128 ¶ 7.

The probation office prepared a presentence report (PSR) which grouped Counts One and Eight as closely related counts pursuant to U.S.S.G. § 3D1.2.  Of the grouped counts, Count One for conspiracy to distribute methamphetamine (21 U.S.C. § 846) produced the higher offense level, which was applicable to the group of closely related counts pursuant to U.S.S.G. § 3D1.3.  The PSR calculated a base offense level of 38 for a violation of 21 U.S.C. § 846, given a total of 8.011 kilograms of actual methamphetamine, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(1).  PSR ¶ 34.  The PSR recommended a 2-level increase for defendant's role in the offense as an organizer, leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1, and a 3-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 37.  PSR ¶ 44.

At the initial sentencing hearing on February 8, 2012, the court determined that the upward adjustment for role in the offense was not warranted.  The court continued the sentencing to allow defendant an opportunity to submit to a debriefing with the government and request safety valve relief, which he declined to do.  Dkt. no. 178.  At the sentencing on March 7, 2012, the court applied the grouping rule to Counts One and Eight and calculated the total offense level as 35, resulting from the base offense level of 38 and the 3-level decrease for acceptance of responsibility.  With a criminal history category of I, the resulting guideline range was 168 to 210 months imprisonment.  *See* Statement of Reasons.

The court sentenced defendant to a low-end guideline sentence of 168 months imprisonment as to Count One and 168 months as to Count Eight, to be served concurrently, for a total term of imprisonment of 168 months; 5 years supervised release as to Count One and 3 years as to Count Eight, to run concurrently, for a total term of 5 years supervised release; and a $200 special assessment.  Dkt. no. 186.

## DISCUSSION

Defendant seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2), in light of Amendment 782.  Section 3582(c)(2) authorizes the court to modify a previously-imposed term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).  Pursuant to the Sentencing Guidelines, effective November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G. § 2D1.1, applicable to sentences imposed for certain drug-related convictions.  Amendment 782 may be applied retroactively to previously-sentenced defendants if the order reducing the term of imprisonment based on Amendment 782 has an effective date of November 1, 2015, or later.  U.S.S.G § 1B1.10(e)(1).

Defendant is not entitled to relief under retroactive application of Amendment 782 because his sentencing guideline range is not lowered by the two-level reduction in the drug quantity tables under Amendment 782.  Under the drug quantity table in effect at the time of defendant's sentencing, Base Offense Level 38 was the highest base offense level set forth in § 2D1.1(c)(1), which applied to 1.5 kilograms or more of actual methamphetamine.  As a result of Amendment 782, the minimum threshold amount of actual methamphetamine required to apply the highest base offense level was raised to 4.5 kilograms.  Because defendant was responsible for 8.011 kilograms of actual methamphetamine, the highest base offense level of 38 is still applicable to him, even under the amended drug offense guidelines.  Thus, even if Amendment 782 had been in effect at the time of defendant's sentencing, the court would have calculated his base

offense level as 38, given the large amount of drugs that was attributable to him. With the 3-level decrease for acceptance of responsibility, the court would have calculated the same total offense level of 35. With a criminal history category of I, the court would have calculated a guideline range of 168 to 210 months under the amended guidelines, which is the same guideline range that was applied at the time of sentencing.

Because Amendment 782 did not lower defendant's applicable guideline range, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See Dillon v. United States,* 560 U.S. 817, 827 (2010) (on a § 3582(c)(2) motion for sentence reduction, the court must begin by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing") (quoting U.S.S.G. § 1B1.10(b)(1)); *Leniear*, 574 F.3d at 674 (holding that the defendant was not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) where Amendment 706, adjusting crack cocaine offense levels, did not lower the applicable sentencing range). Accordingly, defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge

4